UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHEVRON MIDSTREAM PIPELINES LLC AND CHEVRON PIPE LINE COMPANY<br><br>VERSUS<br><br>SETTOON TOWING LLC, A DELAWARE LIMITED LIABILITY COMPANY, AND VERNON G. WHITTINGTON, *IN PERSONAM*; M/V SHANON E. SETTOON AND BARGE SMI 572, THEIR ENGINES, TACKLE, EQUIPMENT AND FURNISHINGS, *IN REM* | CIVIL ACTION NO. _____<br><br>SECTION "__"<br><br>MAGISTRATE __<br><br>HONORABLE _____<br><br>MAGISTRATE _____ |

## VERIFIED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, Chevron Midstream Pipelines LLC ("CMP") and Chevron Pipe Line Company ("CPL"), to assert claims against defendants, Settoon Towing LLC, a Delaware Limited Liability Company ("Settoon") and Vernon G. Whittington ("Whittington"), *in personam*, and the M/V SHANON E. SETTOON and Barge SMI 572, their engines, tackle, equipment and furnishings, *in rem*, as follows:

1.

The claims set forth herein are within the admiralty and maritime subject matter jurisdiction of the Court, pursuant to 28 U.S.C. §1333, and designated as admiralty claims in accordance with Rule 9(h) of the Federal Rules of Civil Procedure. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) inasmuch as a substantial part of the events giving rise to plaintiffs' claims occurred in this judicial district.

2.

Plaintiff, CMP, was, and still is, a Delaware limited liability company duly qualified to do and doing business in the State of Louisiana.

3.

Plaintiff, CPL, was, and still is, a Delaware corporation duly qualified to do and doing business in the State of Louisiana, and the 100% owner of CMP.

4.

Defendant, Settoon, a Delaware limited liability company with its headquarters in Pierre Part, Louisiana, was, and still is, doing business in Louisiana and subject to the personal jurisdiction of this Court.

5.

Defendant, Whittington, a resident of Mississippi, is subject to the personal jurisdiction of this Court pursuant to the Louisiana Long Arm Statute.

6.

At all material times, *in rem* defendant, the M/V SHANON E. SETTOON, was a steel-hulled, 48 foot, 55 gross ton towing vessel, documented in the United States, and bearing Official No. 566684. The vessel is presently, or will be during the pendency of this action, located within the jurisdiction of this Court.

7.

At all material times, *in rem* defendant, Barge SMI 572, was a steel-hulled 154 foot, 543 gross ton tank barge, documented in the United States, and bearing Official No. 1195182. The SMI 572 is presently, or will be during the pendency of this action, located within the jurisdiction of this Court.

8.

Settoon was, at all pertinent times, the owner and operator of the M/V SHANON E. SETTOON and Barge SMI 572.

9.

Whittington, was, at all material times, employed by Settoon as the master of the M/V SHANON E. SETTOON.

10.

CMP is the owner and CPL is the operator of a pipeline system extending between Venice, Louisiana and Paradis, Louisiana, designated as the "VP-01 Pipeline." The VP-01 Pipeline is used to transport liquefied petroleum gas ("LPG"). A 16 inch segment of the VP-01 Pipeline traverses Bayou Perot, near Lafitte, Louisiana.

11.

On or about March 12, 2013, during daylight hours, in clear weather with good visibility, the M/V SHANON E. SETTOON, under the command of Whittington, acting within the course and scope of his employment with Settoon, with the Barge SMI 572 in tow, was transiting Bayou Perot en route to a fixed facility owned and operated by Louisiana Delta Oil Company ("Louisiana Delta") and located on the Delta Farms Canal, when the M/V SHANON E. SETTOON and/or the Barge SMI 572 allided with the submerged and buried VP-01 Pipeline.

12.

The aforesaid allision ruptured the VP-01 Pipeline, causing extensive physical damage to the pipeline and a resulting loss of LPG product. As a result of the rupture, CMP and CPL have or will incur substantial damages and costs, including, but not limited to the following:

    a.    Response efforts related to the ruptured pipeline, escaping LPG and potential

       pollution from the M/V SHANON E. SETTOON;

b.    Inspection and survey costs necessitated by the allision;

c.    Costs to mitigate damage to the pipeline, including nitrogen pumping to prevent water intrusion into the pipeline through the rupture;

d.    Salvage and repair of the damaged pipeline;

e.    Loss of lease and/or tariff revenue during the period the pipeline is out of service;

f.    Other damages and costs as may be proved at trial.

13.

The allision and damage to the VP-01 Pipeline was in no way the fault of CMP or CPL, but was in all respects caused by the sole fault, carelessness, and negligence of the defendants, in the following non-exclusive particulars:

a.    The M/V SHANON E. SETTOON and/or SMI 572 were unseaworthy;

b.    the M/V SHANON E. SETTOON was not properly equipped with a competent and adequately trained master and crew;

c.    the M/V SHANON E. SETTOON was not equipped with proper navigational aids, equipment, charts, and documentation regarding pipelines and navigation routes;

d.    failure to take proper and seamanlike steps to navigate Bayou Perot, which contains known, well-marked pipelines, and to avoid the VP-01 Pipeline;

e.    failure to take due notice of and care around the VP-01 Pipeline notwithstanding the presence of pipeline markers and signs;

f.    navigation of the M/V SHANON E. SETTOON and/or SMI 572 through mud in shallow waters outside known navigation channels and over a marked pipeline;

g.   the members of the crew of the M/V SHANON E. SETTOON and/or SMI 572 were unfamiliar with the Bayou Perot area, and, in particular, the safe, designated route to the Louisiana Delta facility on the Delta Farms Canal;

h.   Settoon's management failed to provide adequate instruction to its employees of the designated, navigable access route to Louisiana Delta's facility on the Delta Farms Canal;

i.   Settoon's management failed to provide adequate instruction to its employees to avoid crossing marked pipelines in shallow waters outside known navigation channels in Bayou Perot;

j.   Settoon's management failed to provide adequate training or instruction to employees regarding the dangers presented by navigating in the mud in presence of marked underwater pipelines; and

k.   other acts of negligence and fault to be proven at trial.

14.

The acts of negligence set forth above were caused or occurred with privity or knowledge of Settoon's management.

15.

CMP and CPL aver that defendants are presumed to be at fault by virtue of the maritime presumption of fault arising when a moving vessel strikes a stationary object.

16.

CMP and CPL aver that defendants are presumed at fault by virtue of the rule of *The Pennsylvania* in that they violated various Inland Rules of the Road, including Rules 2, 5, and 7, and further failed to comply with various provisions of Titles 33 and 46 of the Code of Federal

Regulations.

WHEREFORE, plaintiffs, Chevron Midstream Pipelines LLC and Chevron Pipe Line Company, pray:

1.  That process in due form be issued against the M/V SHANON E. SETTOON and SMI 572, and their engines, tackle, furniture, apparel, etc.; that the M/V SHANON E. SETTOON and SMI 572 be arrested; that all persons claiming any right, title, or interest to or M/V SHANON E. SETTOON and SMI 572 be summoned to appear and answer under oath the aforesaid matters; and that the M/V SHANON E. SETTOON and SMI 572 be condemned and sold to pay the demands of plaintiffs, with interest, costs, and attorney's fees;

2.  That process issue against Settoon Towing LLC, a Delaware Limited Liability Company, and Vernon Whittington and that they be cited to appear and answer the allegations of the Complaint;

3.  That the Court, after due proceedings, enter judgment in favor of Chevron Midstream Pipelines LLC and Chevron Pipe Line Company against defendants, Settoon Towing LLC, a Delaware Limited Liability Company and Captain Vernon Whittington, *in personam*; and the M/V SHANON E. SETTOON and SMI 572, *in rem*, in the amount of plaintiffs' damages, together with interest, costs, and attorneys' fees; and

4.  That plaintiffs be granted all other relief to which they are entitled.

Respectfully submitted,

_____
Donald R. Abaunza, (Bar #2273)
David W. Leefe, T.A. (Bar #1479)
Kelly T. Scalise (Bar #27110)
Charles B. Wilmore (#28812)
Devin C. Reid (Bar #32645)
LISKOW & LEWIS
One Shell Square
701 Poydras St., Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4018
drabaunza@liskow.com
dwleefe@liskow.com
ktscalise@liskow.com
cbwilmore@liskow.com
dcreid@liskow.com

*Attorneys for Chevron Midstream Pipelines LLC and Chevron Pipe Line Company*

**PLEASE ISSUE SUMMONS TO:**

1. Settoon Towing LLC, a Delaware Limited Liability Company,
   through its registered agent for service of process:
   Russ A. Settoon
   1073 Highway 70
   Pierre Part, LA 70339

2. Vernon G. Whittington,
   50 Glory Road
   Carthage, Mississippi 39051
   (service to be made pursuant to the Louisiana Long Arm Statute)

**PLEASE WITHHOLD *IN REM* SERVICE UNTIL FURTHER NOTICE**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHEVRON PIPE LINE COMPANY | CIVIL ACTION NO. _____ |
| VERSUS | SECTION "__" |
| SETTOON TOWING LLC, A DELAWARE LIMITED LIABILITY COMPANY, AND VERNON G. WHITTINGTON, *IN PERSONAM*; M/V SHANON E. SETTOON AND BARGE SMI 572, THEIR ENGINES, TACKLE, EQUIPMENT AND FURNISHINGS, *IN REM* | MAGISTRATE __ <br><br> HONORABLE _____ <br><br> MAGISTRATE _____ |

## **VERIFICATION**

STATE OF TEXAS

HARRIS COUNTY

BEFORE ME, the undersigned authority, personally came and appeared **John F. Oveson**, who being duly sworn, did depose and say that he is the Vice President of Chevron Pipe Line Company and Chevron Midstream Pipelines LLC, that he has read the foregoing Verified Complaint, and that of the allegations of fact contained therein are true and correct to the best of his knowledge, information, and belief.

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS __8__
DAY OF MAY, 2013.

_____
NOTARY PUBLIC



DEBRA CAROLYN HENSLEY
Notary Public, State of Texas
My Commission Expires
September 12, 2015