UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHEVRON MIDSTREAM                                    CIVIL ACTION
PIPELINES LLC, ET AL.

VERSUS                                               NO. 13-2809
                                                     c/w 13-3197

SETTOON TOWING LLC, ET AL.                           SECTION: "A" (5)

**ORDER**

Before the Court is a <u>Motion to Dismiss Punitive Damages Claims (Rec. Doc. 122)</u> filed by Chevron Midstream Pipelines LLC, Chevron Pipe Line Company, and Chevron U.S.A. Inc. (collectively "Chevron"). Vernon G. Whittington and Leroy Gilling, Jr. (collectively "Plaintiffs") oppose the motion. The motion, set for hearing on June 18, 2014, is before the Court on the briefs without oral argument.

Plaintiffs are seamen who were allegedly injured when their vessel struck a pipeline. The men have filed suit against Chevron, asserting punitive damages claims. Chevron did not employ these men. Chevron moves to dismiss these punitive damages claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that Jones Act seamen may not assert non-pecuniary, punitive damages claims against non-employers, pursuant to *Scarborough v. Clemco Industries*, 391 F.3d 660 (5th Cir. 2004).

Plaintiffs contend that the issue of whether punitive damages are available to seamen as a remedy for general maritime law claims

1

is currently before the Fifth Circuit en banc in *McBride v. Estis Well Service, LLC*, Fifth Circuit Docket No. 12-30714. Moreover, the direct issue of whether Jones Act seamen may recover punitive damages against non-employers is also before the Fifth Circuit in *Lorenzo Williams, et al. v. Linder Oil Company, et al.*, Fifth Circuit Docket No. 13-30805. On February 27, 2014, The Fifth Circuit cancelled oral argument in *Williams* due to the case being placed in abeyance pending the Court's en banc decision in *McBride*. Plaintiffs request that this Court delay its decision on the instant motion until the Fifth Circuit has issued its ruling in *McBride*.

A bench trial in the instant matter is set to commence on April 27, 2015. Since the trial date is nine months away, the Court sees no reason to rush its decision on the issue before it. The Court declines to rule on this issue at this time in light of the possibility of forthcoming guidance from the Fifth Circuit.

Accordingly;

**IT IS ORDERED** that Chevron's Motion to Dismiss Punitive Damages Claims (Rec. Doc. 122) is **DENIED WITHOUT PREJUDICE**. Chevron may re-file its motion after the Fifth Circuit issues its ruling in *McBride*.

July 29, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

2