UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHEVRON MIDSTREAM PIPELINES LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO: 13-2809 C/W 13-3197 |
| SETTOON TOWING LLC, ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

Before the Court is a **Second Motion to Dismiss Punitive Damage Claims (Rec. Doc. 226)** filed by Chevron Midstream Pipelines LLC, Chevron Pipe Line Company, and Chevron U.S.A., Inc. (collectively "Chevron"). Claimants Vernon G. Whittington and Leroy Gilling, Jr. (collectively "Claimants") oppose the motion. The motion, submitted for consideration on November 5, 2014, is before the Court on the briefs without oral argument.

Via the instant motion, Chevron once again moves for judgment as a matter of law on Claimants' claims for punitive damages under general maritime law. Chevron contends that with trial scheduled to begin in this matter on April 27, 2015, the parties need clarity concerning the damages recoverable at trial. (Rec. Doc. 226-1, Chevron's Memo at 8).

Earlier this year the Court denied without prejudice Chevron's first motion to dismiss Claimants' punitive damages claims. (Rec. Doc. 163; Order 7/29/14). The Court denied the motion because the Fifth Circuit had not yet issued its en banc ruling in *McBride v. Estis Well Service, LLC*, 768 F.3d 382 (5th Cir. 2014), which has since been released. The Court also mentioned the *Lorenzo Williams v. Linder Oil Company* appeal, which the Fifth Circuit had put on hold pending the outcome in *McBride*. At the time the Court explained that because trial was months away the Court saw no reason to rush its ruling, particularly with the prospect of forthcoming guidance from the Fifth Circuit. (Rec. Doc. 163 at 2).

The en banc *McBride* decision is a straightforward application of the *Miles* uniformity principle. The appeal that addresses the issue in this case, *i.e.*, the continued viability of *Scarborough v. Clemco Industries*, 391 F.3d 660 (5th Cir. 2004) (holding that a seaman cannot recover non-pecuniary damages against a third-party), is actually the *Williams* case. The Court recognizes that the *Williams* appeal has not yet been set for oral argument but the Court continues to believe that a ruling on the punitive damages issue at this time would be premature. This case is scheduled to be tried to the bench, not to a jury, and the trial is expected to last ten days. The Court is not persuaded that prematurely (and perhaps erroneously) dismissing the claim for punitive damages prior to trial will eliminate any witnesses or save a significant amount of trial time. Moreover, if Chevron's conduct as proven at trial does not satisfy the requirements for punitive damages then the legal issue presented will be moot. Chevron and the Claimants should prepare for trial with the expectation that the punitive damages claim will be considered.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Second Motion to Dismiss Punitive Damage Claims (Rec. Doc. 226)** filed by Chevron is **DENIED**.

December 9, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE